The is an action of assumpsit prosecuted in the name of Jourdan for the use of David Cooper, in the Circuit Court of Sumner, against the then defendant Barry, for money had and received. The pleas are non-assumpsit, and set-off. Several trials were had, and verdicts for the plaintiff. The first for $449 in the County Court; the second for $496 in the Circuit Court; the third for $282, and at the last trial the plaintiff had a verdict for $30.20. On this trial a bill of exceptions was tendered, which states in substance, that, on the trial, the plaintiff's counsel gave in evidence the record of a judgment recovered for $350 and cost, in the name of the present plaintiff Jourdan, as chairman of the County Court of Bertee, for the benefit of David Cooper against William Edwards, which suit was founded on an indenture of apprenticeship made between F. Pugh, the former chairman of Bertee and Edwards, binding *Page 106 
David Cooper to said Edwards as apprentice. The present plaintiff in error, Barry, prosecuted that suit to judgment, execution was issued, and the moneys paid over to Barry the attorney, for the plaintiff in that cause. On the part of the defendant, it was proved that David Cooper, for a valuable consideration, transferred his right of action contained in the indentures to John Cooper, who employed Redmond D. Barry, as attorney at law, to bring suit in the name of said Jourdan as chairman of said Bertee County Court, and that said Barry recovered judgment and received the money as attorney for John Cooper.
The counsel for the defendant below, prayed the Court to instruct the jury that the moneys levied on the execution were the moneys of David Cooper or his assignee, and not the moneys of said Joseph Jourdan; and that the reception thereof by the defendant was not a reception of the moneys of Joseph Jourdan, so that the present action, could be maintained in the name of said Jourdan. But The Court instructed them otherwise, and stated to them that the said Jourdan had a right to receive said money from said defendant, and could maintain an action for the recovery thereof.
The errors assigned are, first, that the County Court of Sumner in which the suit was commenced had not jurisdiction of the sum for which the judgment was rendered. Secondly, that the judge erred in his charge to the jury. On the first error it is sufficient to observe that the jurisdiction of the Court is not made solely to depend on the amount of the verdict. The nature of the demand is also to be taken into consideration. In this case the amount demanded is $350, and from the testimony reported in the bill of exceptions, it appears that sum was received. The pleas are non-assumpsit and set-off. The record does not show how the sum was reduced by proof to $30.20, so that we can not say it was by direct payment on that account, it might have been by a *Page 107 
set-off under the plea. No error appears in the record on this point.
It is alleged that the Court erred in the charge to the jury. The first judgment was recovered in the name of Jourdan, chairman of the Court, for the use of David Cooper, the party injured. The money was received by Barry, the attorney for the plaintiff in that action. This suit is prosecuted in the same name as the former, that is, in the name of Jourdan for the use of David Cooper; and the only question arising on this record, is whether it be error to prosecute this suit in the same form as the first, or whether it ought to have been brought in the name of the party beneficially interested.
The Act of 1762, c. 5, section 20, directs the manner in which indentures for binding apprentices are to be taken, and the manner in which suit is to be brought thereon. A counterpart is to remain in the clerk's office for the benefit of the apprentice, and any person injured may, at his proper cost and charges, prosecute a suit thereon in the name of the chairman or his successors, and recover all damages by reason of a breach of the covenant, c. If judgment pass for the master, he shall recover costs. From the phraseology of this section of the act, the chairman can only be considered a nominal party; he does not prosecute the suit; he is not entitled to any part of the sum recovered, nor would he be liable to pay costs in case a verdict should pass for the master. The law does not direct this bond to be assigned to the party injured, as in case of administration and some other bonds. When judgment is had in the name of the chairman, execution must necessarily issue in the same form; and, if it should be necessary, proceedings against bail must be in the same manner; and, in short, all proceedings necessary to a recovery of the money must be in the same name. But where the money recovered is paid over to the attorney of the person who prosecutes the *Page 108 
suit it is a payment, and puts an and to the suit; the effect of it is attained. If the attorney fails to pay over the money thus received to his client, he is liable in an action for money had and received. But the chairman of the Court can have no agency in this suit, either nominally or otherwise. It ought to be brought in the name of him who would be authorized to receive the money. Suppose Cooper had given any other person a power to receive the money from the sheriff or clerk; and, he, after the receipt thereof, had failed to pay it over; could a suit be maintained in the name of Jourdan to recover the money? It could not; and I do (not?) conceive that the receipt of the money would be considered as received to the use of Cooper and not of Jourdan.
Under these impressions, I believe the charge of the judge was incorrect in stating that Jourdan had a right to receive the money from the defendant. And that the judgment on this ground ought to be reversed, and the cause remanded for a new trial. Bat, as no error appears except what occurred at the trial, and it appears by the record that two new trials had been granted to the defendant in this cause, the Circuit Court, if it had been moved for another, perhaps could not have granted a third consistently with the Act of 1801, c. 6, sec. 59.
The power of this court to direct a fourth trial, under those circumstances, has not been decided on so far as I recollect. On this point, therefore, we will advise till next term.